Blondet, Plaintiff and Appellee, *v.* Benítez et al., Defendants and Appellants.

Appeal from the Second District Court of San Juan in an Action of Unlawful Detainer.

No. 3152.—Decided June 17, 1924.

Foreclosure—Forced Sale—Jurisdiction.—The forced sale of a property situated in Río Piedras by order of the First District Court of San Juan in foreclosure proceedings brought in the said court on July 22, 1921, is void for lack of jurisdiction.

Id.—Id.—Id.—Unlawful Detainer.—The defendant having proved at the trial of the ordinary action of unlawful detainer brought by the plaintiff that the plaintiff's title was void because it originated in a forced sale ordered in foreclosure proceedings by a court without jurisdiction, the judgment of eviction was reversed.

The facts are stated in the opinion.

*Mr. M. Tous Soto* for the appellants.

*Messrs. R. H. Blondet* and *J. Valldejuli* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

An ordinary action of unlawful detainer was brought by the plaintiff in the Second District Court of San Juan, and that court rendered judgment sustaining the complaint filed by Margarita Blondet against Isidro Benítez and Gertrudis Santos and ordering the eviction of the defendants from the property.

The plaintiff based her right on the fact that she had acquired the property in a summary foreclosure proceeding brought by her against the defendants in the First District Court of San Juan.

The defendants allege that the plaintiff's title is void

and that the judicial sale by which she acquired the title was unlawfully made under proceedings prosecuted in a court without jurisdiction. As a result of this defense the appeal taken from the judgment is based on two assignments of error, as follows:

"1.—That the First District Court of San Juan was without jurisdiction of the summary proceeding to foreclose a mortgage created on a property situated within the Second Judicial District of San Juan.

"2.—That the marshal of the First Judicial District of San Juan was without authority to sell at public auction a property situated within the Second Judicial District of San Juan."

Although present at the hearing of this case, the appellee did not take the trouble to file a brief in opposition to the contentions of the appellants.

In order to obtain possession of the property in controversy and evict the appellants the appellee did not resort to the summary proceeding of unlawful detainer provided by the Act of March 9, 1905, but brought the ordinary action prescribed by the Code of Civil Procedure. The issue having been joined within the broad field of the ordinary action on the initiative of the appellee, there is no doubt that the appellants could avail themselves of every means of defense without being confined to the narrow limits prescribed by the action of unlawful detainer, and the appellee can not complain.

The errors assigned can be considered jointly.

On July 22, 1921, the appellee brought in the First District Court of San Juan an action against the appellants for the foreclosure of a mortgage. It also appears that the mortgaged property is situated in the municipality of Río Piedras, which is included in the Second Judicial District of San Juan. The writ for the satisfaction of the amount claimed by the sale of the mortgaged property was directed to the marshal of a judicial district in which the property was not situated and he sold the property by public auction.

In the case of *Toro et al.* v. *District Court of San Juan,* 30 P.R.R. 501, this Supreme Court had occasion to construe Act No. 41 of June 30, 1921, and held that the said act left the judicial district of San Juan as it was, but created within it two independent district courts, each having the same jurisdiction and powers as the other district courts of the Island. This being the construction given to that Act, and submission of the parties not being permissible in foreclosure proceedings in which only the judge of the district in which the property is situated is competent (article 170 of the Regulations for the Execution of the Mortgage Law), it is clear that as the municipality of Río Piedras is a part of the Second Judicial District of San Juan, the First District Court of San Juan had no jurisdiction of the foreclosure proceedings. Therefore, it is unnecessary to add that the entire proceedings in the said case are void and the appellee's title on which she relied for bringing the action of unlawful detainer is also void. See the cases of *Benet* v. *Hernández,* 22 P.R.R. 323; *Maldonado* v. *Preston,* 22 P.R.R. 614; *Trías et al.* v. *Rossy,* 27 P.R.R. 36, and *Solá* v. *Castro et al.,* 32 P.R.R. 740.

For the foregoing reasons the judgment must be reversed and substituted by another dismissing the complaint without costs.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.

### ON RECONSIDERATION.

On July 29, 1924, MR. JUSTICE FRANCO SOTO delivered the following opinion of the court:

The plaintiff-appellee has moved for reconsideration of our judgment of June 17, 1924, reversing the judgment of the lower court which sustained the complaint in an action of unlawful detainer.

The basis of the judgment of this court was that the property was sold to the plaintiff in foreclosure proceedings brought in the First District Court of San Juan while the property was situated within the territory of the Second Judicial District of San Juan.

Act No. 41 of June 30, 1921, to reorganize the judicial district of San Juan and divide it into two independent districts was made to take effect on July 1, 1921, and in this case the date is of special importance.

It was said in our opinion, because it so appears from the record, that the foreclosure proceeding was brought on July 22, 1921, but the appellee contends that this was a mistake made in transcribing the record and that although in case No. 3285, heard jointly with the present case, she filed a motion for the correction of the dates, she withdrew it because the appellant offered to acquiesce in such correction at the hearing of this case, and she insists that it was so admitted by the appellant at the hearing. However, the appellee did not take the pains to make such admission appear of record, if it were made, and we have no basis for considering the merits of the appellee's motion for reconsideration.

On the other hand, even assuming that the complaint was filed before said Act No. 41 went into effect, it still appears that the judge of the First District Court did not order service of the demand for payment on the debtor until after the said act went into effect. The mere fact of the filing of the complaint would not be sufficient of itself to justify a holding that the stage of examination of the evidence had been reached and that the judge of the First District Court had retained jurisdiction in accordance with the transitory provision of the said act.

For the foregoing reasons the appellee's motion must be overruled.